# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>    vs.<br>MARCO ANTONIO SOLORIO-MENDEZ,<br><br>                              Defendant. | CASE NO. 11CR4155-LAB<br><br>**ORDER REQUIRING RESPONSE TO MOTION TO CORRECT SENTENCE** |

After Defendant violated the conditions of his probation, the Court on April 14, 2014 sentenced him to 180 days in custody, giving him credit for 139 days he had already served. Defendant has now filed a motion (Docket no. 38) to correct that sentence. The motion seeks clarification of the sentence, claiming the Bureau of Prisons has miscalculated his term and release date. Because the time for correcting arithmetic and similar errors in a sentence has long passed, the Court construes this as an application for habeas relief.

If Defendant is assigning error to the Bureau of Prisons, his challenge is to the execution or administration of his sentence, rather than to the sentence itself. Such a claim would arise under 28 U.S.C. § 2241, because his argument is effectively that he is being held in custody in violation of the law, *i.e.*, past his release date. But if that is his claim, it is not ripe. *See Stephenson v. Blades*, 2014 WL 3509448, slip op. at *4 (D.Idaho, July 14, 2014) (citing *James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002)) (holding that petitioner's claim that prison had miscalculated his release date was not yet ripe, because "a claim that

a person is being held past his full-term release date-cannot be brought before the alleged release date.")

On the other hand, if Defendant believes the Court's pronouncement of sentence was in error and requires correction, the only remaining remedy available to him is a motion pursuant to 28 U.S.C. § 2255.

The Court construes the motion as the latter, and the government is **ORDERED** to file a response no later than noon on **Friday, August 15, 2014**. The government must contact the Taft Correctional Facility and/or the Bureau of Prisons and obtain a declaration giving Taft's and/or the Bureau's position regarding the date on which they believe Defendant is due for release and the manner in which that date was calculated. The declaration is to be filed as an exhibit to the response.  After the filing of this response, the matter will be under submission unless the Court determines that a hearing is appropriate.

**IT IS SO ORDERED**.

DATED: August 6, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge